

**FILED**

**MAY 2 1 2018**

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TOBY KITTRELL, | Cause No. CV 18-86-M-DLC-JCL |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MARC JOHNSON, HEATHER SMITH, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On May 11, 2018, Petitioner Toby Kittrell filed this action under 28 U.S.C. § 2254.[1]  Kittrell is a state prisoner proceeding pro se.  For the reasons set forth below, Mr. Kittrell's petition should be dismissed.

## I.    Motion for Leave to Proceed in Forma Pauperis

Kittrell moves for leave to proceed in forma pauperis.  (Doc. 2).  Review of the motion and supporting account statement, reflects Kittrell has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be GRANTED.

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

1

## I.     28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 Governing Section 2254 Cases.  Because Mr. Kittrell's entire petition is unexhausted, his petition should be dismissed without prejudice.

## II.    Procedural History

On May 2, 2017, written judgment was entered against Kittrell in Montana's Fourth Judicial District Court, Missoula County.  (Doc. 1 at 2, ¶¶ 1-2).  Kittrell states that his probation for a prior Issuing a Bad Check conviction was revoked due to a "new charge and failed UA."[2]  *Id.* at 3, ¶ 3.  Following a plea of guilty, Kittrell was committed to the Montana Department of Corrections for a period of five years with none of the time suspended.  *Id.* at 3, ¶¶ 4-5.

Kittrell did not: file a direct appeal, seek relief from the Sentence Review Division, seek postconviction relief, or seek state habeas corpus relief.  *Id.* at 3-4, ¶¶

---

[2] It appears that Kittrell's new charge is a Sexual Abuse of Children conviction for which Kittrell was sentenced to a 10-year fully suspended sentence on December 12, 2017.  *See Montana Correctional Offender Network*: https://app.mt.gov/conweb/Offender/3010967 (accessed May 15, 2018).

6, 7, 9, and 12.  Somewhat confusingly, it appears that Kittrell may be contemplating filing or attempting to file a state postconviction appeal.  *See Id.* at 4, ⁋ 11 (responding to a question regarding whether or not he has filed an appeal from the denial of a postconviction petition, Kittrell responded "just filed don't have a case number yet").

### III.   Claims

In the present matter, Kittrell argues he is unjustly being required to complete sex offender programming (SOP).  *Id.* at 4, ⁋ 13(A)(i).  He explains that following his 5-year commitment to the Department of Corrections, he understood the Judge to be recommending community placement, but instead he was placed at the Missoula Assessment and Sanction Center (MASC) and required to complete SOP classes.  *Id.*  Kittrell states his current sentence is for issuing bad checks, not a sex crime, and implicitly argues no adequate nexus exists between his crime and the SOP requirement. Kittrell also generally asserts that since May of 2017, he has been unlawfully held in custody while MASC officials attempt to "get to know" him, rather than "doing their job" of placing him in the community.  *Id.* at 5, ⁋ 13(B)(i).

Kittrell seeks an order directing state authorities to release him on probation to finish his serving his sentence or, alternatively, to release him from the underlying charge completely.  *Id.* at 7, ⁋ 16.

3

## IV.   Analysis

As a preliminary matter, it does not appear that Kittrell's claims are cognizable in habeas.  28 U.S.C. § 2254(a) states: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  *See also* Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(citations omitted).  "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F. 2d 1395, 1400 (9th Cir. 1989).  To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that the alleged error was "so arbitrary or capricious as to constitute an independent due process violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).  Kittrell has made no such showing.

To the extent that Kittrell attempts to challenge the state court's application of Montana state sentencing law in his case, the claim is not cognizable in a federal habeas proceeding.  Kittrell was sentenced to five years in the custody of the Montana Department of Corrections.  While the Court understands that the trial court may have made a recommendation for Kittrell's placement in the community

4

such a determination is ultimately up to the Department of Corrections.

Apparently a decision was made requiring Kittrell is to complete additional

programming while he is at MASC; such a decision is within the purview of the

Department of Corrections.  Kittrell has not demonstrated that the trial court or

state authorities have acted arbitrarily or have capriciously erred in the exercise of

their sentencing discretion or in Kittrell's placement.

To the extent that the Court construes Kittrell's claims as due process

violations under the Fourteenth Amendment, Kittrell has not established there is a

constitutionally protected liberty interest has been implicated by the denial of his

placement in the community.  Kittrell's desire for a specific and less restrictive

environment is not a cognizable liberty interest.

A liberty interest may arise either from the Due Process Clause itself, or

from the applicable law.  *Olim v. Wakinekona*, 461 U.S. 238, 247-51 (1983);

*Toussaint v. McCarthy*, 801 F. 2d 1080, 1089 (9th Cir. 1986).  The Supreme Court

has held that transfer of a prisoner to a more restrictive environment, even if it

imposes "severe hardships" on an individual, does not impinge on a liberty

interest.  *Hewitt v. Helms*, 459 U.S. 460, 467 (1983).  Correspondingly, the

disinclination of an institution to transfer an individual to a less restrictive

environment does not impinge on a constitutional liberty interest.  *Badea v. Cox*,

931 F. 2d 573, 576 (9th Cir. 1991).  Thus, the Due Process Clause does not give

5

rise to a liberty interest in community placement while Kittrell is in the custody of the Department of Corrections. But these are not the only defects from which Kittrell's petition suffers; his claims are also unexhausted.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

Even if Kittrell were able to raise a claim that is cognizable in federal habeas, it does not relieve him of the burden of first presenting such a claim to the

state courts. As set forth above, Kittrell has yet to seek collateral review in the state courts. He may or may not have some form of a postconviction petition pending. But the Montana state courts have not yet had the opportunity to adjudicate the claims Kittrell seeks to advance before this Court. Accordingly, there may still be remedies available under state law. Because Kittrell has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is **without prejudice** and Kittrell may return to this Court if and when he fully exhausts the claims relative to his current custody in the state court system.

## V.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court

7

was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Kittrell has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Kittrell's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1. Kittrell's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Kittrell may object to this Findings and Recommendation within 14

days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Kittrell must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 21st day of May, 2018.

_/s/ Jeremiah C. Lynch_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Kittrell is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

9